UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5338 RSM <br><br> **ORDER REVERSING DEFENDANT'S DECISION TO DENY BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge ("ALJ") erred by (1) rejecting the opinions of treating doctor Martin Tullus, M.D.; (2) accepting the opinions of a state agency physician (Plaintiff fails to identify a particular physician); (3) failing to limit Plaintiff to less than light work in the residual functional capacity ("RFC") assessment; (4) failing to adequately consider lay witness testimony from Plaintiff's wife; and (5) failing to adequately consider a disability determination from the Department of Veterans Affairs ("VA").  Pl. Op. Br. (Dkt. 17), pp. 1–2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 61 years old, has a college education, and has worked as an investigator.

Admin. Record ("AR") 28, 42, 79. On January 17, 2018, Plaintiff applied for benefits, alleging disability as of December 28, 2017. AR 79, 176–82. Plaintiff's applications were denied initially and on reconsideration. AR 78–105. After the ALJ conducted a hearing on February 15, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 15–29, 35–77. In relevant part, the ALJ found Plaintiff had severe impairments of mild bilateral knee osteoarthritis, depressive disorder, and posttraumatic stress disorder ("PTSD"). AR 18. The ALJ found Plaintiff had the RFC to perform medium work with additional limitations. AR 20. Plaintiff could occasionally climb ladders, ropes, scaffolds, ramps, or stairs, kneel, crouch, and crawl. *Id.* He could balance and stoop without limitations. *Id.* Plaintiff could have no exposure to hazards such as unprotected heights and unguarded moving mechanical parts. *Id.* He could perform independent tasks. *Id.* He could have superficial contact with supervisors, coworkers, and the general public. *Id.*

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's

interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Dr. Tullus's Opinions

Plaintiff argues the ALJ failed to give adequate reasons for rejecting Dr. Tullus's opinions. Pl. Op. Br., pp. 2–6. Dr. Tullus was one of Plaintiff's treating providers. *See* AR 869–877. Dr. Tullus completed a questionnaire from Plaintiff's counsel regarding Plaintiff's limitations. *See* AR 878. Dr. Tullus opined Plaintiff had bilateral knee early osteoarthritis. *Id.* He opined Plaintiff could stand/walk for two to four hours in an eight-hour workday, sit upright for four to six hours, and lift a maximum of ten pounds. *Id.*

The ALJ found Dr. Tullus's opinions "not persuasive." AR 27. The ALJ reasoned the opinions were inconsistent with the overall medical evidence, relied too heavily on Plaintiff's subjective reports, were inconsistent with Dr. Tullus's own treatment notes, and were inconsistent with Plaintiff's activities of daily living. *Id.*

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Def. Resp. Br. (Dkt. 18), pp. 3–7. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Dr. Tullus's opinions were contradicted by the opinions of Alnoor Virji, M.D., and Wayne Hurley, M.D., so the specific and legitimate standard would apply unless the Commissioner's new regulations change this standard. AR 86, 101.

The genesis of the "specific and legitimate" standard for contradicted opinions was the

1  Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983).  In *Murray*, the ALJ
2  rejected the opinions of a treating doctor in favor of the opinions of an examining doctor.  *See id.*
3  at 501.  The Ninth Circuit reviewed precedent from other circuits and determined an ALJ must
4  ordinarily give more weight to the opinions of a treating doctor because that doctor is
5  "'employed to cure'" the claimant and has a "'greater opportunity to observe and know the
6  patient as an individual.'"  *Id.* at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.
7  1983)).  Thus, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she
8  must make findings setting forth specific, legitimate reasons for doing so that are based on
9  substantial evidence in the record." *Murray*, 799 F.2d at 502.  The Ninth Circuit made no
10  reference to regulations promulgated by the Social Security Administration regarding treatment
11  of medical opinions in reaching its conclusion.  *See id.*
12     In 1991, the Commissioner promulgated regulations setting forth standards for reviewing
13  medical regulations.  56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).  Those
14  regulations established a hierarchy mirroring the one set out by the Ninth Circuit, in which
15  treating sources are given more weight than non-treating sources, and examining sources are
16  given more weight than non-examining sources.  *See id.* at *36935–36; 20 C.F.R. §§
17  404.1527(c), 416.927(c).  The Ninth Circuit mentioned these regulations in its 1995 opinion in
18  *Lester*, and continued to rely on the "specific and legitimate" standard.  *See Lester*, 81 F.3d at
19  830–31.
20     In 2017, the Commissioner issued revised regulations eliminating the hierarchy of
21  medical opinions.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82
22  Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Under the new regulations, for claims
23  filed on or after March 27, 2017, the Commissioner "will not defer or give any specific

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The Commissioner's new regulations still require the ALJ to explain his or her reasoning, and to specifically address how he or she considered the supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

The Ninth Circuit has not yet considered whether the 2017 regulations will cause it to reevaluate the standard set forth in *Murray* for review of medical opinions. This Court is bound by precedent of the Ninth Circuit and may not overrule a decision from that court. *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015) ("Overruling precedent is never a small matter.").

The new regulations do not clearly supersede the "specific and legitimate" standard. That standard is not an articulation of how ALJs must weigh or evaluate opinions, but rather a standard by which the court evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence. Whatever factors the Commissioner considers in evaluating a medical opinion, the ALJ must explain his or her reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court evaluates that reasoning.

Turning to the ALJ's evaluation of Dr. Tullus's opinions, the ALJ's reasoning is not supported by substantial evidence. First, the ALJ failed to explain how the medical evidence and Dr. Tullus's treatment notes were inconsistent with Dr. Tullus's opinions. *See Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("[A]n ALJ errs when he rejects a medical opinion . . . while doing nothing more

than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.")). The ALJ noted x-rays of Plaintiff's knees showed findings consistent with mild osteoarthrosis, and physical exams documented normal gait with mild tenderness in Plaintiff's knees. *See* AR 24–25, 27, 380–81, 756, 869–70. These records are not undeniably inconsistent with Dr. Tullus's opinions, and thus required the ALJ to explain the inconsistency, which she did not do. The ALJ failed to explain, for example, how x-rays showing mild osteoarthrosis are inconsistent with Dr. Tullus's opinion that Plaintiff could stand and walk for two to four hours in an eight-hour workday.

Second, the ALJ's determination that Dr. Tullus relied too heavily on Plaintiff's subjective reports lacks evidentiary support. Dr. Tullus treated Plaintiff on several occasions, making objective observations (which, as mentioned above, the ALJ did not accurately assess). *See* AR 869–877. There is no evidence in the record indicating Dr. Tullus ignored his own findings in favor of Plaintiff's subjective claims. *Cf. Lester*, 81 F.3d at 832 ("The [ALJ] may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

Third, the ALJ's finding that Dr. Tullus's opined limitations were inconsistent with Plaintiff's daily activities lacks adequate evidentiary support. The ALJ noted Plaintiff performed household chores, repairs, and yard work, cared for his granddaughters, and took a vacation to Whistler, British Columbia. *See* AR 27, 272, 280–81, 794. The ALJ failed to explain how any of these activities were inconsistent with Dr. Tullus's opinions that Plaintiff could stand/walk for two to four hours, sit for four to six hours, and lift a maximum of ten pounds. There is no obvious inconsistency, and thus the ALJ failed to provide any specific and legitimate reasons for rejecting Dr. Tullus's opinions.

### 2. State Agency Physicians' Opinions

Plaintiff argues the ALJ erred by relying on the opinions of state agency physicians in finding Plaintiff could perform medium work. Pl. Op. Br., p. 6. Plaintiff does not identify a particular physician, and thus fails to adequately present a claim of error. *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address claimant's assertion of error that was not argued "with any specificity in his briefing"). However, because the ALJ erred in evaluating Dr. Tullus's opinions, and that evaluation may affect the ALJ's evaluation of other providers on remand, the ALJ may revisit the opinions of any state agency physicians on remand.

### 3. The RFC Assessment

Plaintiff argues the ALJ erred in finding Plaintiff could perform work above the light work level. Pl. Op. Br., p. 7. Plaintiff's argument is based on his arguments that the ALJ erred in rejecting Dr. Tullus's opinions and accepting the state agency physicians' opinions. *See id.* Because the Court has found the ALJ erred in evaluating Dr. Tullus's opinions, Plaintiff's argument succeeds. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding ALJ's RFC assessment and step five determination were not supported by substantial evidence where RFC and hypotheticals to vocational expert failed to include all of the claimant's impairments).

### 4. Plaintiff's Wife's Statements

Plaintiff argues the ALJ failed to adequately evaluate a lay witness statement from Plaintiff's wife concerning Plaintiff's physical limitations. Pl. Op. Br., pp. 7–8. Plaintiff's wife reported Plaintiff has difficulty lifting, walking, sitting, and climbing stairs due to knee problems. *See* AR 283. She reported "sometimes" Plaintiff cannot walk far, "maybe from a parking lot to an entrance." *Id.* The ALJ stated she "considered" these statements, but did not

explicitly state whether she accepted or rejected them. AR 26.

In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). The ALJ must "give reasons germane to each witness" before he can reject such lay witness evidence. *Molina*, 674 F.3d at 1111 (internal citations and quotation marks omitted). "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d at 1115 (quoting *Stout*, 454 F.3d at 1054).

Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)). Although the ALJ did not adequately identify reasons for rejecting Plaintiff's wife's statements, those statements were substantially similar to Plaintiff's testimony. *See* AR 49–50, 283. Where lay witness testimony does not describe any limitations beyond those the claimant described, and the ALJ adequately evaluated the claimant's testimony, failure to evaluate the lay witness testimony is harmless. *See Molina*, 674 F.3d at 1122. The ALJ rejected Plaintiff's testimony, and Plaintiff has not challenged that determination. *See* AR 21–26. The reasons for rejecting Plaintiff's testimony can apply with equal force to Plaintiff's wife's testimony, and the ALJ thus did not harmfully err.

**5. The VA Disability Decision**

Plaintiff argues the ALJ erred because she misstated the VA's disability ratings, and failed to adequately state how she considered the VA's decision. Pl. Op. Br., pp. 8–9. The VA found Plaintiff had service-connected disabilities of PTSD, rated at 70%, right patella chondromalacia, rated at 30%, and left patella chondromalacia, rated at 30%, for a combined rating of 90%. *See* AR 184, 210, 221. The ALJ correctly reported in her decision that Plaintiff had a combined disability rating of 90%, but incorrectly reported the individual rating

percentages.  *See* AR 27.  The ALJ then noted she "considered the VA rating in assessing the claimant's severe medically determinable impairments and [RFC]." *Id.*

Under the Commissioner's old regulations, an ALJ was required to consider the VA's disability rating, and should "'ordinarily give great weight to a VA determination of disability.'" *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) (quoting *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011)).  The ALJ could, however, "give less weight to a VA rating 'if [the ALJ] gave] persuasive, specific, valid reasons for doing so that [were] supported by the record.'" *Luther*, 891 at 876–77 (quoting *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009)).

The Commissioner's new regulations purportedly eliminate the requirement that the ALJ discuss a VA determination.  Under 20 C.F.R. §404.1504, for claims filed on or after March 27, 2017, the Commissioner "will not provide any analysis in [his] determination or decision about a decision made by any other governmental agency or nongovernmental entity about whether [the claimant is] disabled, blind, employable, or entitled to any benefits."  The ALJ must still "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision" received as part of the social security disability claim.  *Id.*

Plaintiff has failed to show harmful error.  *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).  Although the ALJ incorrectly stated the VA's individual rating percentages and did not explain how she considered the VA rating, she considered the evidence underlying that decision.  Many of the medical records in this case came from providers associated with the VA.  *See* AR 378–847, 879–915.  The ALJ discussed these records throughout her decision.  *See* AR 21–27.  The ALJ thus satisfied her obligations under the new regulations, and Plaintiff has failed to show harmful error.  *See Liner v. Comm'r of Soc. Sec.*, No. C19-1892-MLP, 2020 WL

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

2219316, at *4–5 (W.D. Wash. May 7, 2020); *Kathleen S. v. Comm'r of Soc. Sec.*, No. C19-5167 RSL, 2019 WL 4855631, at *7–8 (W.D. Wash. Oct. 2, 2019).

### 6. Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits, but does not make any substantive argument in support of this request. *See* Pl. Op. Br., p. 9. Plaintiff has not shown "rare circumstances" exist that justify departing from the ordinary rule of remand for further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The Court therefore remands this matter for further administrative proceedings.

On remand, the ALJ shall reevaluate Dr. Tullus's opinions, and may reevaluate any state agency physicians' opinions. The ALJ shall reassess Plaintiff's RFC, reevaluate all relevant steps of the disability evaluation process, and conduct further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE